UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| KURT K ROBINSON,<br><br>          Plaintiff,<br>   v.<br><br>BANK OF AMERICA, individually and doing business as BANK OF AMERICA HOME LOAN SERVICING; RECONTRUST, COUNTRYWIDE BANK,<br><br>          Defendant. | Case No.: 12-CV-00494-RMW<br><br>ORDER GRANTING MOTION FOR INTRADISTRICT TRANSFER<br><br>**[Re Docket No. 20]** |

Plaintiff Kurt Robinson ("plaintiff"), proceeding *pro se*, filed the instant action alleging claims related to the foreclosure of residential property in Fremont, California in Alameda County Superior Court on November 29, 2011. *See* Dkt. No. 1. Defendants Bank of America ("BA"), Countrywide Bank ("Countrywide"), and ReconTrust Company, N.A removed the matter to this court on February 1, 2012. *See id*. The Notice of Removal indicated that the action should be assigned to the San Jose Division. *Id.* Plaintiff now moves for an intradistrict transfer, seeking re-assignment of this case to the Oakland or San Francisco Division. *See* Dkt. No. 20. Defendants have not filed a written opposition to plaintiff's motion. The court finds this motion suitable for resolution without oral argument. The hearing scheduled for June 1, 2012 is therefore vacated.

According to the Civil Local Rules, except for Intellectual Property Actions, Securities Class Actions and Prisoner Petitions or Prisoner Civil Rights Actions, "all civil actions which arise

1

Case No.: 12-CV-00494-RMW
ORDER GRANTING MOTION FOR INTRADISTRICT TRANSFER
EDM

in the counties of . . . Alameda [or] San Mateo . . . shall be assigned to . . . the San Francisco Division or the Oakland Division." Civ. L. R. 3-2(d). On the other hand, "all civil actions which arise in the counties of Santa Clara, Santa Cruz, San Benito or Monterey shall be assigned to the San Jose Division." Civ. L. R. 3-2(e).

"A civil action arises in the county in which a substantial part of the events or omissions which give rise to the claim occurred or in which a substantial part of the property that is the subject of the action is situated." Civ. L. R. 3-2(c). Where an action has not been assigned to the proper division within the district, or where the convenience of the parties and witnesses and the interests of justice will be served by transferring the action to a different division, the court may order an intradistrict transfer, subject to the provisions of the Court's Assignment Plan. Civ. L. R. 3-2(h); *see also* 28 U.S.C. § 1406(a) ("The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought.").

None of the events alleged in the complaint took place within the reach of the San Jose Division. The subject property is in Freemont, California, which is located in Alameda County. The only other location identified in the complaint—South San Francisco, where plaintiff attended BA's loan assistance event—is in San Mateo County. *See* Compl. ¶ 60. Further, as defendants have not opposed plaintiff's motion, the court assumes that they will suffer no prejudice from the transfer. Finally, although the court has ruled on one motion to dismiss, this case has been pending in this division for less than five months and the court has not invested substantial resources in familiarizing itself with the issues.

Accordingly, the motion to transfer is granted. The Clerk shall reassign this action to a judge in the Oakland-San Francisco Division. The hearing scheduled for June 1, 2012 is hereby vacated.

It is so ordered.

DATED:      May 29, 2012

*Ronald M. Whyte*
RONALD M. WHYTE
United States District Judge

2

Case No.: 12-CV-00494-RMW
ORDER GRANTING MOTION FOR INTRADISTRICT TRANSFER
EDM